### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:05CV-130**

| | |
|---|---|
| **JOSEPH MARSHALL** | **PLAINTIFF** |
| **V.** | |
| **GREEN COUNTY, KENTUCKY, ET AL** | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon two separate motions by Defendants, Green County, Kentucky, et al. [DN 4, 7] to dismiss the Complaint against them. Fully briefed, these matters stand ripe for decision. For the following reasons, Defendants' motions are **GRANTED IN PART AND DENIED IN PART**.

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d

1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

## II. BACKGROUND

This case arises out of an incident on August 30, 2004 in which Plaintiff, Joseph H. Marshall ("Marshall"), fell down stairs as he was leaving a session of the Green County District Court on the second floor of the Green County Courthouse. He had previously been charged with terroristic threatening and harassing communications and was attending a required court session related to that charge. Plaintiff asserts his claims against six individual defendants, all employees of the Green County Courthouse, as well as Green County itself ("County Defendants"). He also brings suit against the Commonwealth of Kentucky and the Kentucky Administrative Office of the Courts ("AOC") (collectively the "State

Defendants").[1]

Prior to the fall, Plaintiff claims to have suffered from back problems which were so severe as to classify him as disabled within the meaning of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. He claims these problems were further exacerbated by his fall at the Green County Courthouse. Under state law, the AOC is required to "oversee the design, financing and construction of court facilities." KRS 26A.160(2)(a)-(e). Although plans are in the works to build a new courthouse in Green County, the current Courthouse lacks an elevator. To reach the District Court Session, Plaintiff had to climb the stairway to reach the second floor. He reached the Courthouse without incident but fell on his way down the stairs.

Plaintiff asserts several claims, and he brings each claim against all nine Defendants. In Count I of his Complaint, Plaintiff asserts a cause of action under the ADA, alleging discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations. In Count II of his Complaint, Plaintiff contends that the Defendants deprived him of his right of life, liberty, or property in violation of the Fourteenth Amendment and deprived him of his right to meaningful access to the courts as required by the Due Process Clause of the Fourteenth Amendment. Plaintiff brings

---

[1] The Plaintiff also filed a claim based on these events before the Kentucky Board of Claims. The Court can take judicial notice of these proceedings without converting the motions to dismiss into motions for summary judgment. Fed.R.Evid. 201(b)(2) provides that a court may take judicial notice of a "fact ... not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably be questioned." The records of prior and pending proceedings of other courts are encompassed within the scope of Rule 201. See Patterson v. Mobil Oil Co., 335 F.3d 476, 481 n. 1 (5th Cir.2003) (taking judicial notice of transfer order and letter agreement from pending related state court proceedings)

this claim pursuant to 42 U.S.C. § 1983. Plaintiff's third and fourth counts are state law claims. In Count III, the Plaintiff alleges that the "Defendants violated their duties to furnish to the public without discrimination the facilities of the Green County Courthouse because the Defendant failed to provide Plaintiff a means of appropriate, nonsegregated, independent and dignified access to and usage of the facilities of the Green County Courthouse." In Count IV, the Plaintiff alleges that the "Defendant negligently, intentionally and/or wantonly failed to maintain the premises of the Green County Courthouse in a reasonably safe condition and failed to observe and comply with statutory safety and accessibility requirements for such a facility and thereby caused serious injury to the Plaintiff." Among other forms of relief, the Plaintiff seeks compensatory damages as well as equitable relief. The nine Defendants filed two separate motions to dismiss.

### III. DISCUSSION

The Court will first address the motion brought by the State Defendants. The Court will then address the motion brought by the County Defendants.

**A. Claims Against the State Defendants**

In his response to the State Defendants' Motion to Dismiss, the Plaintiff concedes that the Court lacks subject matter jurisdiction over both his § 1983 claim and his supplemental state law claims against the State Defendants. Accordingly, Counts II-IV are dismissed as to the State Defendants, leaving only Plaintiff's claim under the ADA, for which he seeks

-4-

both compensatory damages and equitable relief.[2] [3]

### 1. Compensatory Damage Claim Under the ADA

Plaintiff brings his damage claim under the ADA pursuant to Title II, §§ 12131-12165, which covers discrimination by government entities. The State Defendants argue that Plaintiff's claim must fail because (1) he was not denied access to the Green County Courtroom, (2) he did not allege that he requested an accommodation for his disability, and (3) he did not allege intentional discrimination. Plaintiff argues that he has properly pleaded a claim for damages under Title II.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To make out a prima facie case under Title II of the ADA, a plaintiff must establish that (1) he qualifies as a disabled individual; (2) he was excluded from participation in or was denied the benefits of some service, program, or activity by reason of his disability; and (3) the entity providing the service, program, or activity is a public entity. Id.

In his Complaint, the Plaintiff alleges that he is "an individual with a disability within

---

[2] The Plaintiff's Complaint does not specify under which Title of the ADA he is bringing suit. Plaintiff's response, though, speaks only of Title II, which is proper for this claim, as it is asserted against governmental entities. To the extent the Complaint intends to state a claim under Title I or Title III, those portions of the Complaint are dismissed as inapplicable to governmental entities.

[3] The Plaintiff also contends that the Court should deny portions of the State Defendants' request to take judicial notice of certain matters in this action. The Court does not rely on any disputed matters in making its decision.

the meaning of the ADA." There is also no dispute that the State Defendants are public entities. As to the second element, the State Defendants argue that it is not met since the Plaintiff was able to reach the second floor courtroom. A violation of Title II does not occur only when a disabled person is completely prevented from enjoying a service, program, or activity; rather, a violation can occur if a service, program, or activity is not "readily accessible." Shotz v. Cates, 256 F.3d 1077, 1080 (11th Cir. 2001). The court in Shotz concluded that for purposes of deciding a motion to dismiss it was irrelevant that the plaintiff actually accessed the courtroom. Id. Thus, the relevant inquiry here is whether the District Court Session was readily accessible to the Plaintiff. He alleges that is was not. Thus, Plaintiff's Complaint sets forth a viable claim for compensatory damages under the ADA.[4,5]

Defendant's remaining arguments are more appropriate for consideration at the summary judgment stage. In order to prevail, the plaintiff will need to show intentional discrimination, or, at a minimum, deliberate indifference. Ferguson v. City of Phoenix, 157 F.3d 668, 674-75 (9th Cir. 1998). Furthermore, his alleged failure to request accommodation will be relevant to his success. However, at this stage, the issue is not whether the plaintiff will ultimately prevail, but whether his claim, as pleaded, is sufficient to afford him the opportunity to proceed on the evidence. See Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). The Court believes his claim is sufficiently pleaded.

---

[4] Along with his response to Defendants' Motions to Dismiss, the Plaintiff filed an affidavit in which he alleged intentional discrimination and a failure to accommodate. The Court, however, could not consider this affidavit without converting the motion to a dismiss to a motion for summary judgment.

[5] Plaintiff's Complaint also seeks punitive damages. Punitive damages are unavailable under the ADA. Barnes v. Gorman, 536 U.S. 181, 189 (2002).

### 2. Equitable Relief Claim Under the ADA

The State Defendants contend that Plaintiff's claim for injunctive relief, as pleaded, cannot be granted. The Plaintiff, in his Complaint, requests that the Court grant him "[a]n order directing the Defendants to remove architectural barriers to the courtroom at the Green County Courthouse to make such facilities readily accessible to and usable by individuals with disabilities, consistent with the ADA Accessibility Guidelines for Buildings and Facilities." The Plaintiff also requests "[a]n award to Plaintiff of such other and further legal and equitable relief as the Court deems just and proper." The State Defendants contend that Title II does not require public entities to remodel old buildings.

The Court agrees with the State Defendants that Title II does not require public entities to remodel old buildings. However, it would be premature at this point in the litigation to conclude that no equitable relief of any kind would be necessary or appropriate.

The State Defendants also argue that two procedural hurdles–abstention and ripeness–prevent the Court from considering the Plaintiff's claim for equitable relief. The Defendants' reliance on the abstention doctrine in Younger v. Harris, 401 U.S. 37 (1971), is misplaced. This is not the type of case for which Younger abstention is appropriate. Any relief this Court may afford the Plaintiff does not at all relate to the ultimate disposition of his state criminal case, and even if such relief did relate to his state prosecution, it would not in any way hinder the state prosecution. Furthermore, the Plaintiff's claim for equitable relief is ripe. The event causing the claim has occurred, and Plaintiff seeks equitable relief to ensure that nothing similar will occur in the future. As Plaintiff will have to attend further

sessions of Court in the building, the possibility of future harm remains. Whether equitable relief will be necessary given the assurances of future accommodation to the Plaintiff remains to be seen, however, it would be premature to dismiss Plaintiff's claim for equitable relief at this time.

### B. Claims Against the County Defendants

#### 1. Compensatory Damage Claim under the ADA

Plaintiff brings his ADA claim under Title II. Title II only governs the conduct of public entities. There is no individual liability under Title II of the ADA. Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001); Key v. Grayson, 163 F.Supp.2d 697, 704 (E.D. Mich. 2001); Ostendorf v. Dawson County Corr. Bd., No. 4:98CV3038, 2002 U.S. Dist. LEXIS 17676, at * 18 (D. Neb. Sept. 18, 2002). Thus, any purported ADA claim against the County Defendants, in their individual capacity, is dismissed. For the same reasons that the Court denied the State Defendants' Motion to Dismiss the Plaintiff's claim for compensatory damages under the ADA, the Court likewise denies the Motion to Dismiss the ADA claim against the County Defendants.

#### 2. Section 1983 claim

In support of his § 1983 claim against the County Defendants, the Plaintiff alleges intentional discrimination against all parties and asserts that as liability of each individual is fact-dependent, dismissal at this state would be premature. The County Defendants argue that the Plaintiff does not allege "active unconstitutional behavior," and, therefore, cannot state a claim against them.

As an initial matter, it is unclear from the Plaintiff's Complaint whether the Defendants are named in their individual or official capacities. In <u>Wells v. Brown</u>, 891 F.2d 591, 592 (6th Cir. 1989), the Sixth Circuit concluded that plaintiffs have an affirmative duty to specify the capacity in which they are suing defendants. While some courts still construe <u>Wells</u> as concluding that a complaint which fails to allege capacity states only an official capacity claim, <u>see</u> <u>Berry v. Traughber</u>, No. 02-5023, 2002 U.S. App. LEXIS 16541, at *3 (Aug. 14, 2002), this circuit seems to have adopted a "course of proceedings" test to determine whether a § 1983 defendant has received notice of a plaintiff's intent to hold him personally liable despite a failure to label the claims as such. <u>Moore v. City of Harriman</u>, 272 F.3d 769, 772 (6th Cir. 2001) (en banc). Under the "course of proceedings" test, the principal inquiry is whether the defendant has received any notice that the plaintiff has brought a claim against him in his individual capacity. <u>Id</u>. In deciding the question of notice, the "course of proceedings" test directs courts to examine such factors as the language in the complaint and the response to a motion to dismiss.

Under the "course of proceedings" test, the County Defendants are on notice that they are being sued in their individual capacity. In their Complaint, the Plaintiffs did not aver capacity, and the County Defendants found the language in the Complaint somewhat inconclusive, stating "(t)he claims against the various county officials appear to be only in their official capacity." More significantly, the Plaintiff in his response stated that, "(t)he specifics regarding each Defendants' respective obligations, responsibilities and liabilities are matters for discovery." Later in his response, the Plaintiff similarly remarked that "(a)t

this juncture, Mr. Marshall has no way of knowing the particulars regarding the culpable conduct of any individual made party to this case, and the action or inaction of each individual official must be subject to discovery." Thus, the "course of proceedings" place the County Defendants on notice that Plaintiff intends to seek a claim against them in their individual capacity. Whether such a claim is viable will be more properly determined at the summary judgment stage.

The Court now turns to whether Plaintiffs properly stated a claim against the County Defendants in their official capacity. Counties are "persons" exposed to litigation under 42 U.S.C. § 1983. See, e.g., Haverstick Enters. v. Financial Federal Credit, 32 F.3d 989, 996 n. 8 (6th Cir. 1994). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). When stating a claim against a municipality or a county, a plaintiff must also show that his injury was caused by an unconstitutional "policy" or "custom" of the municipality. Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir. 1998), cert. denied, 119 S. Ct. 1763 (1999). The right of access to the courts is protected by the Due Process Clause of the Fourteenth Amendment. Lane, 541 U.S. at 523.

The Supreme Court has made clear that a persistent custom or practice that violates

the rights of an individual may constitute the requisite municipal custom to impose liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A "custom" must "be so permanent and well settled as to constitute a custom or usage with the force of law." Id. "In turn, the notion of 'law' must include deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives." Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-08 (6th Cir. 1996) (internal quotations and citations omitted). A "custom," therefore, is a "legal institution" not memorialized by written law. Feliciano v. City of Cleveland, 988 F.2d 649, 655 (6th Cir. 1993) (citations omitted). Finally, a plaintiff must show that the custom "caused" the particular injury. Doe, 103 F.3d at 508 (quoting Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)) (emphasis omitted).

In Paragraph 29 of their Complaint, the Plaintiff alleges that the Defendants acted "negligently and/or intentionally and/or recklessly" in denying Plaintiff meaningful access to the courts and in failing to provide a reasonably safe premises for the use of the Plaintiff and the public generally. Thus, the Complaint alleges active unconstitutional behavior. Although the Complaint does not specifically outline this practice as a custom, if the allegations in the Complaint are true then such behavior on the part of the County would amount to a custom and it would be liable under § 1983. Whether the facts support a case of liability is more properly evaluated at the summary judgment stage.

### 3. Negligence Claims

Both of the Plaintiff's negligence claims pertain to the condition of the Green County

Courthouse at the time of his fall. The Plaintiff states a case of duty, breach, causation, and damages as to both negligence claims. The Defendants argue that they were not notified of Plaintiff's condition, and, thus, no duty was triggered. They also argue that they are entitled to qualified immunity and that Plaintiff is barred from seeking a remedy in this Court due to his claim before the Kentucky Board of Claims.

The Plaintiff's Complaint states a claim of negligence against the County Defendants. There is insufficient information in the record to determine at this point whether the individual Defendants are entitled to qualified immunity. The parties' litigation plan should provide for an early determination of the qualified immunity defense if at all possible. Finally, the jurisdiction of the Board of Claims does not extend to counties. Lexington-Fayette Urban County Gov't v. Smolcic, 142 S.W.3d 128 (Ky. 2004).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions [DN 4, 7] are **GRANTED IN PART AND DENIED IN PART**.

cc: counsel of record
05cv-130Marhsall